14-4281
Dong v. Lynch

BIA
Christensen, IJ
A205 078 669

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of April, two thousand sixteen.

PRESENT:
    JON O. NEWMAN,
    ROSEMARY S. POOLER,
    RICHARD C. WESLEY,
        *Circuit Judges.*

_____

WEI DONG,
        *Petitioner,*

        v.                                        14-4281
                                                  NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Richard Tarzia, Belle Mead, NJ.

FOR RESPONDENT:        Benjamin C. Mizer, Acting Assistant
                       Attorney General; Shelley R. Goad,
                       Assistant Director; Kristen
                       Giuffreda Chapman, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wei Dong, a native and citizen of China, seeks review of an October 16, 2014, decision of the BIA affirming an April 24, 2013, decision of an Immigration Judge ("IJ") denying Dong's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wei Dong,* No. A205 078 669 (B.I.A. Oct. 16, 2014), *aff'g* No. A205 078 669 (Immig. Ct. N.Y. City Apr. 24, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as Dong's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on

inconsistencies in an asylum applicant's statements and evidence, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim," so long as they reasonably support an inference that the applicant is not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). An omission in an applicant's testimony or supporting documents is "functionally equivalent" to an inconsistency and "can serve as a proper basis for an adverse credibility determination." *Xiu Xia Lin*, 534 F.3d at 166 n.3. "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id*. at 167.

Dong applied for asylum on the basis that he was twice detained and abused in China on account of his Christian faith. Substantial evidence supports the agency's conclusion that Dong was not credible based on discrepancies among his border interview, credible fear interview, asylum application, and testimony.

When asked during a border interview why he feared persecution in China, Dong said that because he was not a member of a political party he was unfairly fined; in his asylum

3

application he stated that he feared persecution because he was a Christian and had been detained twice. This contradiction alone is sufficient support for the adverse credibility determination because it calls into question whether Dong was ever detained on account of his religion. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006).

Dong's descriptions of his detention were also inconsistent and further call into question his claim. During his credible fear interview, Dong stated that his second detention lasted 15 days; his asylum application reflected he was released after one week. When asked to explain this discrepancy, Dong testified that he and the interpreter during the credible fear interview had difficulty hearing one another. Even if this explanation were credited, while it might explain the differing accounts of the length of detention, it does not explain why Dong did not mention detention or religion at all during the border interview. Dong attempts to conflate the border and credible fear interviews, suggesting that the interpretation issues at the credible fear interview explained why he did not mention his Christian faith during the border interview. This does not explain the omission because the

4

credible fear interview occurred a month after the border interview.

Dong's testimony further undermined his claim. On direct examination, he stated that he had no problems with authorities after his first detention. But he later contradicted himself by testifying to a second detention. The agency was not required to accept his explanation that he thought he was being asked if he had a "face-to-face confrontation" with authorities. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Finally, the IJ also reasonably relied on inconsistencies regarding Dong's work history: his asylum application reflected that he stopped working in June 2011 but he testified that he left his job when he left China in November 2011. *See Xiu Xia Lin*, 534 F.3d at 167.

Nor did the agency err in considering the border and credible fear interviews. The agency was not required to subpoena the immigration officers who conducted those interviews. A party may request the issuance of a subpoena "upon a satisfactory showing that the presence of the witness is necessary for the determination of any material matter." 8 U.S.C. § 1534(d)(1). Dong did not explain why the officers' presence was necessary. Moreover, assuming Dong wished the

5

officers to testify to the accuracy of the interview records, the records bore sufficient indicia of reliability. *See Ming Zhang v. Holder*, 585 F.3d 715, 723-25 (2d Cir. 2009); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir. 2004).

Finally, the agency reasonably gave limited weight to the unsworn letters from Dong's father and friend because they were from interested authors not subject to cross examination. *See Matter of H-L-H- & Z-Y-Z-*, 25 I&N Dec. 209, 215 (B.I.A. 2010), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

The totality of the circumstances supports the adverse credibility determination because the inconsistencies call into question whether Dong suffered any harm on account of his religion. Because the only evidence of a threat to Dong's life or freedom depended upon his credibility, the agency's finding that he was not credible necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                FOR THE COURT:
                                Catherine O'Hagan Wolfe, Clerk